```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                Civil No. 18-3462(DSD/HB)
```

Patricia McArdell,

        Plaintiff,

v.                                                **ORDER**

Andrew Saul,
Commissioner of Social Security,

        Defendant.

This matter is before the court upon the objection by plaintiff Patricia McArdell to the February 5, 2020, report and recommendation of United States Magistrate Judge Hildy Bowbeer (R&R). In the R&R, the magistrate judge recommends that the court deny McArdell's motion for summary judgment and grant the motion for summary judgment by defendant Andrew Saul, Acting Commissioner of Social Security (Commissioner). After a de novo review, and for the following reasons, the court overrules McArdell's objection and adopts the report and recommendation in its entirety.

**BACKGROUND**

McArdell seeks judicial review of the decision denying her application for disability insurance benefits (DIB) and social security income (SSI) between March 6, 2013, and March 5, 2018. The background of this action is fully set forth in the report and

recommendation and will not be repeated here. The court will only briefly summarize the history of the present action.

McArdell filed an application for DIB and SSI on August 20, 2013, alleging the onset of disability on March 6, 2013. McArdell claims disability based on numerous mental and physical disorders. After receiving an initial denial of benefits, an administrative law judge (ALJ) heard her claims in November 2015. The ALJ concluded that McArdell was not disabled. McArdell appealed to the Social Security Administration Appeals Council (Appeals Council), which vacated the decision and remanded the case to a new ALJ. The new ALJ denied McArdell's claim after a hearing in August 2017. McArdell appealed that denial to the Appeals Council, which again vacated the decision and remanded the case for further consideration. The ALJ held a third hearing on McArdell's claims in May 2018, and thereafter denied her application for benefits. The ALJ concluded, however, that because McArdell had aged into an older age category on March 6, 2018, there were no longer jobs that exists in significant numbers in the national economy that she could perform. He therefore determined that McArdell was disabled as of March 6, 2018, and entitled to benefits from that day forward. The Appeals Council denied McArdell's request for review and the ALJ's determination became final.

On December 24, 2018, McArdell filed this action seeking judicial review of the ALJ's determination to deny benefits before March 6, 2018. Both parties moved for summary judgment. On February 5, 2020, Magistrate Judge Hildy Bowbeer recommended granting the Commissioner's motion. McArdell objects.

**DISCUSSION**

**I.  Standard of Review**

The court reviews de novo any portion of the R&R to which specific objections are made, and reviews the findings and decisions of the ALJ for substantial evidence on the record as a whole. See 28 U.S.C. § 636(b)(1)(c); Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the [ALJ's] conclusion." Byes v. Astrue, 687 F.3d 913, 915 (8th Cir. 2012) (citation omitted). On review, the court considers "both evidence that detracts from and evidence that supports the Commissioner's decision." Hartfield v. Barnhart, 384 F.3d 986, 988 (8th Cir. 2004) (citation omitted). The court, however, may not "reverse the Commissioner's decision simply because there is evidence supporting a different result." Hall v. Chater, 109 F.3d 1255, 1258 (8th Cir. 1997) (citation omitted). "If the evidence supports two inconsistent conclusions, one of which is that reached

by the Commissioner's conclusion, [the court] must affirm the decision." Id. at 1258.  Moreover, a court may not substitute its judgment for that of the ALJ.  Fastner v. Barnhart, 324 F.3d 981, 983 (8th Cir. 2003).  The court will disturb the ALJ's decision to deny benefits only if "the record contains insufficient evidence to support the outcome."  Nicola v. Astrue, 480 F.3d 885, 886 (8th Cir. 2007) (citation omitted).

**II.  Objections**

The Commissioner employs a five-step sequential analysis in making a disability determination.  See 20 C.F.R. § 404.1520(a)(4). The ALJ must consider (1) whether the claimant has engaged in substantial gainful activity during the alleged disability period, (2) the medical severity of the impairments, (3) whether the impairments meet or medically equal the criteria of any enumerated impairments, (4) the claimant's residual functional capacity (RFC) and past relevant work,[1] and (5) whether the impairments and other relevant circumstances preclude the claimant from engaging in other work.  Id. § 404.1520(a)-(f); see Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005).

---

[1] A claimant's RFC is defined as what the claimant can do in a work setting despite his or her limitations.  Vossen v. Astrue, 612 F.3d 1011, 1015 (8th Cir. 2010); 20 C.F.R. § 404.1545(a)(1).

McArdell argues that the ALJ improperly analyzed step four in determining her RFC and that the magistrate judge thus erred in recommending that the court deny her motion.  McArdell's objections are quite broadly stated, but as far as the court can tell, she has one basic complaint:  the ALJ failed to include work restrictions specifically addressing each of her disabilities and related symptoms.

First, McArdell argues that the ALJ did not address all of her limitations stemming from her various mental disorders (seizure disorder, post-traumatic stress disorder, anxiety disorder, major depressive disorder, cognitive disorder, organic mental disorder, dependent personality disorder, borderline personality disorder, and epilepsy) in assessing her RFC.  But, as noted in the R&R, the ALJ did address each impairment stemming from these mental disorders in the record and determined that they significantly limited her ability to perform basic work activities.  See Admin. R. at 21, 28-29; R&R at 22-23.  The fact that the ALJ did not specifically address each of McArdell's mental disorders in determining that she had the RFC to perform light work with exceptions and was limited to simple routine tasks, Admin. R. at 25-26, does not require reversal.  Flint v. Colvin, No. 13-1220, 2014 WL 2818665, at *27 (D. Minn. June 23, 2014); see also Gann v. Colvin, 92 F. Supp. 3d 857, 885 (N.D. Iowa 2015) ("[I]mpairments found at Step Two or Step

Three, whether severe or not, should be considered while formulating the RFC but do not automatically translate into limitations on the claimant's ability to work.  Thus, the RFC in this case is not flawed simply because it does not reflexively recite the ALJ's prior finding that Gann had marked difficulties regarding concentration, persistence or pace.  Instead, the RFC must be reviewed in light of the entire record[.]"; SSR 96-8P, 1996 WL 374184, at *4 (July 2, 1996) ("The adjudicator must remember that the limitations identified in the 'paragraph B' and 'paragraph C' criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process.").

To the extent she is arguing that the ALJ should have imposed greater limitations given those impairments, that argument also lacks merit.  The court cannot reverse the decision simply because the ALJ could have reached a different conclusion based on the evidence.  The court's function on review is not to conduct a new analysis of the evidence, but to assess whether the ALJ's conclusions were reasonable.  See Fentress v. Berryhill, 854 F.3d 1016, 1020 (8th Cir. 2017) ("In evaluating the RFC assessment, 'we consider all of the evidence that was before the [Commissioner], but we do not re-weigh the evidence, and we defer to the [Commissioner's] determinations regarding the credibility of witnesses so long as

such determinations are supported by good reasons and substantial evidence.'") (citation omitted). Here, the ALJ reasonably concluded, based on the complete record, that between March 6, 2013, and March 5, 2018, McArdell could perform simple routine tasks.

Second, McArdell argues that the ALJ did not adequately take into consideration her reaction to stress (seizures, lost time, shaking hands, lack of control over behavior, poor memory, flashbacks, and incontinence) in determining her RFC. As above, the ALJ's order does address McArdell's stress-related symptoms, Admin. R. at 23-25, and the fact that he did not specifically include limitations relating to those symptoms does not render the decision improper. Further, the ALJ's limitation to simple routine tasks accounts for the above deficits.

Third, McArdell argues that the ALJ erred in not including limitations relating to her difficulties interacting with others. But, again, the ALJ acknowledged that McArdell has a mild limitation with respect to interacting with others, Admin. R. at 24, and the limitation to simple routine tasks would necessarily limit the need for her to interact regularly with others.

Fourth, McArdell argues that the ALJ failed to consider her limitations on concentration, persistence, and pace in determining her RFC. The record again belies this argument. As set forth in the R&R, the ALJ specifically acknowledged and accounted for

McArdell's moderate limitations with respect to concentration, persistence, and pace by restricting her to performing simple routine tasks.  R&R at 7-8; Admin. R. at 24, 26, 33-34; see also Xiong v. Colvin, 995 F. Supp. 2d 958, 988 (D. Minn. 2014) (holding that the ALJ properly accounted for claimant's moderate limitations with respect to concentration, persistence, and pace by including in the RFC a limitation to routine, repetitive, and simple work).

The court has carefully reviewed the record and the R&R and overrules McArdell's objections.  The R&R correctly determined that the ALJ's determination is not subject to reversal.  As a result, the court must grant the Commissioner's motion for summary judgment and deny McArdell's motion for summary judgment.

## CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that:

1. Plaintiff's objection to the R&R [ECF No. 25] is overruled;

2. The R&R [ECF No. 24] is adopted in its entirety;

3. Plaintiff's motion for summary judgment [ECF No. 16] is denied;

4. Defendant's motion for summary judgment [ECF No. 21] is granted; and

    5.    The case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 23, 2020

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court